**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Ahmed S.,

        Petitioner,

v.

Todd Blanche, Acting Attorney General of
the United States; Markwayne Mullin,
Secretary, U.S. Department of Homeland
Security; U.S. Department of Homeland
Security; Todd M. Lyons, Acting Director
of Immigration and Customs Enforcement;
U.S. Immigration and Customs
Enforcement; David Easterwood, Acting
Director, St. Paul Field Office
Immigration and Customs Enforcement;
and Eric Klang, Sheriff of Crow Wing
County, Minnesota;

        Respondents.

No. 26-cv-2265 (KMM/DLM)


**ORDER**

---

This matter is before the Court on Petitioner Ahmed S.'s Emergency Motion for a Temporary Restraining Order seeking to prevent Respondents from transferring him outside the District of Minnesota and to a third country before he receives the due process Petitioner alleges he is entitled to under the Fifth Amendment's Due Process Clause and federal regulations. (Dkt. 14.) The Motion is granted in part and denied in part.[1]

When evaluating whether to issue a temporary restraining order, a district court considers the following factors: "(1) the threat of irreparable harm to the movant, (2) the

---

[1] The Court greatly appreciates the government's swift compliance with the Court's initial, very expedited briefing Order.

1

balance between this harm and the injury that the injunction will inflict on other parties, (3) the probability that the movant will succeed on the merits and (4) the public interest." *Jackson v. Macalester Coll.*, 169 F. Supp. 3d 918, 921 (D. Minn. 2016) (citing *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981)); Fed. R. Civ. P. 65.

The Court concludes that Ahmed S. has shown a sufficient likelihood of success on the merits to support a limited temporary restraining order at this stage. Admittedly, the parties' briefing raises significant questions as to the merits of the issue raised, the Court's jurisdiction to issue permanent relief, and whether habeas is the appropriate vehicle for Petitioner's arguments. But these issues are complex, and the issuance of temporary injunctive relief will allow the Court to give the issues proper consideration. *See PCTV Gold, Inc. v. SpeedNet, LLC*, 508 F.3d 1137, 1143 (8th Cir.) (noting that "the Eighth Circuit has rejected a requirement as to a party seeking preliminary relief prove a greater than fifty per cent likelihood that he will prevail on the merits" (quotation omitted)).

Moreover, the balance of the equities and public interest strongly weigh in Petitioner's favor. In the absence of this Court's issuance of a temporary restraining order, Respondents have indicated that they are "fully prepared to proceed" with Ahmed S.'s final removal by deporting him to Cameroon on May 26, 2026, at which point there will be little that the Court could do in this case, even if it decides the legal issues in Petitioner's favor. (Dkt. 18 at 3, 12.) On the other hand, any harm or cost to Respondents resulting from a temporary delay in their ability to effectuate Ahmed S.'s removal is de minimis at most. *Sagastizado v. Noem*, 802 F. Supp. 3d 992, 1016 (S.D. Tex. 2025) (explaining that "any potential harm to the expediency of [the petitioner's] lawful removal is minimal" when

2

weighed against potential harm to his due process rights). The government has not indicated that its ability to remove Petitioner will be reduced or foreclosed if it is subject to modest delay. Even considering "a public interest in prompt execution of removal orders," *Nken v. Holder*, 556 U.S. 418, 436 (2009), a full balancing of the factors weigh in favor of granting the narrow relief required under the circumstances.

### ORDER

For the reasons set forth above, **IT IS HEREBY ORDERED THAT**:

1. Petitioner's Motion for a Temporary Restraining Order (Dkt. 14) is **GRANTED IN PART AND DENIED IN PART**.

2. Respondents are **TEMPORARILY ENJOINED** from moving Petitioner out of the United States until further notice from the Court. Although the Court does not enjoin Respondents from transferring Petitioner within the country at this time, the Court retains jurisdiction over the case, and Respondents shall ensure that Ahmed S. can communicate with his attorneys as needed throughout his continued detention.

3. **On or before May 24, 2026**, Petitioner may file a Reply memorandum. It should include an update about any efforts taken thus far to challenge Petitioner's removal to Cameroon through the immigration courts.

Date: May 22, 2026                          *s/Katherine M. Menendez*
                                             Katherine M. Menendez
                                             United States District Judge

3