**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Ahmed S.,

Petitioner,

v.

Todd Blanche, et al.,

Respondents.

Case No. 26-cv-2265 (KMM/DLM)

**ORDER ON PETITIONER'S EMERGENCY MOTION TO ENFORCE JUDGMENT**

---

Petitioner Ahmed S. ("Petitioner" or "Mr. S.") has filed an emergency motion to enforce this Court's previous Order (Dkt. 47), which precluded his removal to a third-country (Cameroon) until after Respondents provide adequate procedural process. Mr. S. has been ordered to appear at a Reasonable Fear Interview tomorrow morning, Thursday, November 12, 2026, at 8:30 a.m. Mr. S. argues that Respondents are attempting to have this interview substitute for the procedure the Court previously mandated, and predicts that he will be taken into custody at the time of the interview. He asks the Court to prevent Respondents from requiring him to attend that interview. The Court largely denies the Motion for the reasons set forth below, but grants a narrowly-tailored Temporary Restraining Order pending further review.

## I. Background

On July 10, 2026, following extensive briefing, the Court granted Mr. Said's Petition for a Writ of Habeas Corpus in part (Dkt. 38), ordering his release from custody

while the Court considered the merits of his request for injunctive relief related to Respondents' efforts to remove him to a third-country with which he had no ties, Cameroon. On October 6, 2026, following further briefing, the Court granted additional relief through habeas corpus, and required Respondents to provide Mr. S. with certain due process before removing him to Cameroon. (Dkt. 47). The Court explained its reasoning at length. The Order specifically stated: "Respondents are ENJOINED from effectuating Petitioner's third-country removal to Cameroon unless and until Respondents provide him with a meaningful opportunity to respond to such a removal in reopened removal proceedings with a hearing before an immigration judge." (Dkt. 47 at 15.)

## II. Analysis

The Court has plainly required the government to grant Mr. S. reopened removal proceedings with a hearing in front of an immigration judge, and enjoined removal absent such process. The Court agrees with the suggestions of Petitioner that a Reasonable Fear Interview, even before a specialized immigration officer, does not by itself satisfy the Court's Order. However, the Court will not preclude Respondents from holding such a hearing or requiring Mr. S. to attend based on the record now before it.

First, Mr. S. is simply speculating that Respondents are seeking this interview in lieu of complying with the previous Order. The Court will not make the same assumption. It does not appear that this interview could ever satisfy the previous Order because it is neither a reopened removal proceeding, nor a hearing, and it is not scheduled before an Immigration Judge. But there is no evidence that the government has stated that

the interview satisfies the Court's very clear Order. The Court presumes that Respondents and counsel will comply with its previous Order in all respects, but sees no basis to forbid the interview.

Second, Mr. S.'s fear of being taken back into custody is also speculative. He has not been rearrested, and if he is, then a new or renewed habeas petition would be appropriate. The Court cannot prejudge the merits of that petition but would assess it carefully. The Court notes that Mr. S.'s previous release was ordered because the Court agreed with Judge Micko that the arrest itself was unlawful. But the Court cannot assess the legality of an arrest that has not occurred and might not occur.

Third, Mr. S. highlights that the notice of interview doesn't specify the third-country at issue. The concern is presumably that Respondents might try to remove Mr. S. to a different third-country and thereby circumvent the required procedural protections ordered by the Court. The Court certainly hopes that Respondents would not take this position. While the final paragraph of the previous Order only addressed removal to Cameroon, the penultimate paragraph included any third country removal within the scope of the Court's Order. (Dkt. 47. At 15 ("[T]he Court grants Mr. S's request for an order enjoining his removal to Cameroon or another third country without notice.")). The analysis and reasoning apply with equal force for removal to any third country that has not been the subject of the important procedural protections discussed in the Order. **Therefore, the Court hereby makes clear that its previous October 6 order applies with equal force to Respondents' attempts to remove Mr. S. to any third country, including but not limited to Cameroon.**

The Court recognizes that it issues this clarifying order as a Temporary Restraining Order, without affording Respondents time to respond. Therefore, the Court will allow Respondents to respond, both to the clarification that the October 6th order applies to any third country, and to any other aspects of the Emergency Motion filed by Petitioner. **Any response is due on or before 5:00 pm on Friday, November 13, 2022. In all other respects, Petitioner's Emergency Motion to Enforce Judgment is denied.**

Dated: November 11, 2026

*s/Katherine M. Menendez*
Katherine M. Menendez
United States District Judge