**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Ahmed S.,

Petitioner,

v.

Todd Blanche, et al.,

Respondents.

Case No. 26-cv-2265 (KMM/DLM)

**ORDER**

---

On November 11, 2026, the Court entered an Order (Dkt. 59) temporarily granting in part and denying in part Petitioner Ahmed S.'s emergency motion (Dkt. 50) to enforce this Court previous Order (Dkt. 47) that precluded his removal to a third-country (Cameroon) until after Respondents complied with certain procedures. In the November 11 Order, the Court denied Petitioner's emergency motion to the extent Petitioner asked the Court to prohibit Respondents from conducting a reasonable fear interview with Petitioner. The Court also denied the motion to the extent it sought relief based on Petitioner's speculative concern that he would be taken back into custody. However, the Court clarified that "its previous October 6 order applies with equal force to Respondents' attempts to remove Mr. S to any third country, including but not limited to Cameroon." (Dkt. 59 at 3.) The Court granted this relief temporarily and permitted Respondents to respond. (*Id.* at 4.) The Court has now reviewed the Respondents' memo in opposition to the emergency motion (Dkt. 60) and Petitioner's reply (Dkt. 62).

Respondents first argue that the Court should not extend the injunction[1] prohibiting removal to a third-country without specific procedural protections to any third country of removal that DHS may identify in the future. Respondents' suggest that a reasonable fear interview is sufficient to satisfy Petitioner's due process rights. They argue that there is no case or controversy with respect to removal to any country other than Cameroon. Further, they argue that the Court lacks jurisdiction under 8 U.S.C. § 1252(g) to issue injunctive relief of the kind at issue in this case. (Dkt. 60.) None of Respondents' arguments convince the Court that it should withdraw its November 11 clarification of the scope of the October 6 Order. Overwhelmingly, Respondents' opposition seeks to relitigate matters this Court has already resolved. The Court specifically rejects the argument that there is no actual controversy with respect to a removal to a country other than Cameroon—Respondents have not disavowed their third-country removal policy and continue to pursue efforts to remove Mr. S. to some country other than the one identified in his removal order. Consistent with the discussion in the October 6 Order (Dkt. 47) and the November 11 Order (Dkt. 60), the Court's clarification stands. Respondents are enjoined from effectuating Petitioner's third-country removal to Cameroon (or any other third country) unless and until Respondents provide him with a meaningful opportunity to respond to such a removal in reopened removal proceedings with a hearing before an immigration judge.

[1] Respondents repeatedly characterize the Court's October 6 Order granting Petitioner's third-country removal claim as a preliminary injunction. This characterization is inaccurate. In granting the relief sought in Petitioner's Amended Petition (Dkt. 30), the Court ruled on the merits of his third-country removal claim (Dkt. 47).

Next, Respondents ask the Court to further clarify its October 6 Order by stating that a specific process will vindicate Petitioner's due process rights. Specifically, they posit that: (1) Petitioner shall be provided a reasonable fear interview with an asylum officer, with reasonable notice to counsel of the time of the interview; (2) if the asylum officer concludes that Petitioner lacks a reasonable fear, then Respondents will refer such negative fear finding to an immigration judge to review, and if the immigration judge reverses the fear finding, then Petitioner's removal proceedings will be reopened for the limited purpose of withholding-only proceedings to the country of removal identified; and (3) if the immigration judge affirms the negative fear finding, then Petitioner shall have 15 days to file a motion to reopen. (Dkt. 60 at 5.) However, the scope of the Court's relief in this case is now clear: if Respondents wish to remove Mr. S. to Cameroon or to any other third country not designated in his removal order, they must provide him notice and a meaningful opportunity to respond in reopened proceedings with a hearing before an immigration judge. The Court neither requires nor prohibits a reasonable-fear-interview process to be the means by which that is accomplished. Nor does the Court impose upon Petitioner the obligation to file a motion to reopen.

Finally, the Court further clarifies that the relief ordered in this case does not involve the reopening of the record with respect to the original removal order or the issue of removability itself. The Court agrees with Respondents on this issue, which has never been a part of the proceedings. The purpose of the reopened proceedings required by the Court's orders in this case is solely to ensure that Mr. S. is not removed to a destination that federal

law prohibits because of a likelihood that he could face persecution or torture if removed to such a country.

Date: November 23, 2026

*s/Katherine Menendez*
Katherine Menendez
United States District Judge